TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SARA MILSTEIN (Cal. Bar No. 313370)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8611
     Facsimile: (213) 894-3713
     Email:    sara.milstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 5:20-00171-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION AND OBJECTIONS TO PRESENTENCING REPORT AS TO DEFENDANT CARLOS ESPRIU |
| v. | |
| CARLOS ESPRIU | |
| Defendant. | Hearing Date: 05/24/2021<br>Hearing Time: 8:30 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sara Milstein, hereby files its sentencing position in the above-captioned case as to defendant CARLOS ESPRIU.

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 3, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

            /s/
SARA MILSTEIN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant CARLOS ESPRIU ("defendant") pleaded guilty on January 19, 2021, pursuant to a plea agreement, to Count One of the Indictment in United States v. CARLOS ESPRIU, aka "Barlosxantanx," CR No. 5:20-00171-PA.  Count One charged defendant with Attempted Arson of a Building Used in Interstate and Foreign Commerce and Used in Activities Affecting Interstate and Foreign Commerce, in violation of 18 U.S.C. § 844(i).

On April 19, 2021, the United States Probation Office disclosed the Presentence Report ("PSR").  (CR 30.)  The government concurs with the PSR's offense-level calculation in paragraphs 21 through 32 of the PSR, per the United States Sentencing Guidelines, Nov. 1, 2018 ed. ("USSG" or "Sentencing Guidelines"), as this calculation tracks the stipulated base-offense Guidelines level set forth in paragraph 14 of the Plea Agreement.

The government submits that defendant's Guidelines should be calculated as follows:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 24 | [USSG §§ 2K1.4(a)(1)(B) |
| Early Acceptance of Responsibility | : | -3 | [USSG § 3E1.1(a), (b)] |
| Total Offense Level | : | 21 | |

The government agrees with the PSR's determination that defendant has zero criminal history points and falls within Criminal History Category I.  PSR ¶ 37.

With a total offense level of 21, and given defendant's Criminal History Category of I, the resulting advisory Guidelines

range is 37-46 months' imprisonment, with a statutory mandatory-minimum sentence of 60 months' imprisonment. Id. ¶ 84.

The government recommends that the Court impose a custodial sentence of 60 months. This proposed custodial term represents the statutory mandatory minimum, which becomes the applicable Guidelines range. See id. ¶ 84. The proposed sentence is also supported by the factors set forth at 18 U.S.C. § 3553(a).

The government also recommends that the Court impose a two-year period of supervised release to follow defendant's custodial term, on the terms and conditions set forth in the Second Amended General Order 20-4. The Court should also impose the stipulated restitution amount of $5,426.64, and a mandatory special assessment of $100. PSR ¶¶ 14-15; Plea Agreement ¶¶ 2(h), 7, 12. The government defers to the PSR's determination that defendant does not have the ability to pay a fine and does not object to a waiver of the fine. Id. ¶¶ 73-82.

**II. STATEMENT OF FACTS**

On May 31, 2020, a fire was set at the East Valley Republican Women Federated ("EVRWF") headquarters, located in La Quinta, California. The EVRWF, which purchases and ships goods throughout the United States, is located in a shopping center and its windows prominently display political signs, banners, and other items.

In investigating the cause of the fire, law enforcement reviewed video footage from the EVRWF and a nearby business. The footage shows a man — later identified as defendant — running up to the front of the EVRWF with a metal bat in hand. When defendant approached the front of the EVRWF, he began swinging the metal bat, shattering some

of the EVRWF's windows. Defendant then dropped the bat to the ground and took out of his backpack a set of three clear bottles that had been bound together. Defendant unscrewed the cap to one of the bottles and inserted into the bottle an orange rag. He then pulled a green lighter from his right front pocket and lit the orange rag on fire. Defendant then threw the set of bottles through one of the broken windows, and it appeared to hit against the metal pull-down grate that was behind the broken glass. Then, he grabbed the backpack and bat and ran away.

Defendant returned to the EVRWF after about seven minutes. He smashed more windows and reached into the EVRWF to retrieve the bottles. About thirty seconds later, defendant again threw the bottles into the EVRWF. A fire immediately ignited, and defendant ran back to his car and drove away.

After law enforcement responded to the EVRWF, they determined that the cause of the fire was arson, and that the method of ignition was a firebomb or Molotov cocktail, that is, a bomb and missile having an explosive or incendiary charge of more than one-quarter ounce, meeting the definition of destructive device, as defined in 26 U.S.C. §§ 5845(f)(1)(A) and (D).

Law enforcement executed search warrants on defendant's residence and car. As a result of those search warrants, law enforcement recovered a dash camera, among other items. Stored on the dash camera was a recording from June 28, 2020 in which defendant spoke to a female in detail about lighting the fire at the EVRWF. He described his planning, his attempts to recruit others to help him, and the steps he took to start the fire. He explained to the female

how, after setting the fire, he shaved his beard and altered his car to make himself and his car look different from the night of the fire. He also gave his reasons for lighting the fire, explaining, "when you do that, it's a crime of passion . . . I know what I did, I wasn't drunk, I have no excuses." He went on to say that he did it "to prove it to myself. . . . I've been saying I'm gonna do this shit, then I did it."

### III. THE GOVERNMENT'S SENTENCING POSITION

The government submits that the factors set forth at 18 U.S.C. § 3553(a) would be fulfilled by a custodial sentence of 60 months, the statutory mandatory minimum sentence.

**A.   18 U.S.C. § 3553(a)(1)**

Section 3553(a)(1) requires the Court to consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Here, defendant grew up in a stable, loving, and supportive household. Despite those life advantages, defendant planned and executed his firebombing of the EVRWF. He also appeared to boast about committing the crime, admitting he did it to "prove" to himself that he could do it.

Defendant also served as a "scout" for people who smuggled undocumented people into California. PSR ¶ 39. On two occasions just ten days apart, he was arrested for attempting to drive undocumented people through a highway checkpoint. Id. ¶¶ 38-39.

In mitigation, defendant stated that he has regularly used drugs and alcohol since he was a child. Id. ¶¶ 55-61. He has never participated in drug treatment, and he is interested in doing so. Id. ¶ 61. He has a high school degree, and aspires to work in

heating, ventilation, and air conditioning work, or welding.  Id. at ¶ 65.

### B.   18 U.S.C. § 3553(a)(2)

Section 3553(a)(2) requires the Court to consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from future crimes of defendant, and to provide defendant with any needed training and guidance.  These factors also support a custodial sentence of 60 months.

This sentence should have a significant deterrent effect, as it will be defendant's only and longest-served sentence.  It will also protect the public, especially given the dangerous nature of defendant's crime.  During defendant's period of incarceration, defendant can continue to take advantage of career training, drug and alcohol treatment, and other enrichment programs, and supervised release can provide him with resources to assist in his re-entry after completing his prison term.  The sentence may also serve as a general deterrent to similarly situated potential offenders.

### C.   18 U.S.C. § 3553(a)(6)

Section 3553(a)(6) requires the Court to minimize sentencing disparity among similarly situated defendants. See United States v. Saeteurn, 504 F.3d 1175, 1181 (9th Cir. 2007) ("Our sister circuits generally agree that 'Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case.'") (citations omitted).  Here, a defendant with a similar criminal history who

committed the same statutory offense would be subject to the statutory mandatory minimum term of imprisonment of 60 months.

### D. THE REMAINING 3553(a) FACTORS ALSO SUPPORT THE SENTENCE REQUESTED BY THE GOVERNMENT

Title 18, United States Code, Section 3553(a)(3) requires the Court to consider the kinds of sentences available. A 60-month period of imprisonment, followed by a two-year period of supervised release, is a fair sentence, given the scope of potential harm of defendant's offense, and provides punishment that is sufficient but not greater than necessary to address the offense.

18 U.S.C. § 3553(a)(4) & (5) now merely require the Court to take the sentencing Guidelines as "advisory."

## IV. CONCLUSION

For the foregoing reasons, the Court should find that defendant has four criminal history points and is Criminal History Category III, that the total offense level is 21, and that the mandatory minimum sentence is 60 months' imprisonment. The factors set forth in 18 U.S.C. § 3553(a) support the imposition of a 60-month sentence, followed by a two-year period of supervised release with conditions, and a special assessment of $100.